UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: WEBVENTION LLC ('294)
PATENT LITIGATION                                                                          MDL No. 2294


TRANSFER ORDER


**Before the Panel:**[*]  Pursuant to 28 U.S.C. § 1407, defendants in two Eastern District of Texas actions, L.L. Bean, Inc. (LL Bean) and Nordstrom, Inc. (Nordstrom) move for centralization in the District of Delaware or another accessible transferee forum.  This litigation currently consists of the five actions, pending in two districts, listed on Schedule A.[1]

Defendants Zale Delaware, Inc., and Polo Ralph Lauren Corp. support the motion in its entirety.  Defendants Coca-Cola Co. and The Valspar Corp. support centralization in the District of Delaware, and defendant Robert Half International, Inc., does not oppose the motion.  Patentholders Webvention Holdings, LLC, and Webvention, LLC (collectively Webvention) oppose centralization and, alternatively suggest selection of the Eastern District of Texas as the transferee forum.

On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  All five actions involve factual questions concerning the infringement and/or validity of U.S. Patent No. 5,251,294 ('294 patent).  The '294 patent, "Accessing, Assembling, and Using Bodies of Information," relates to basic web presentation technologies, such as "previews" that pop up when a mouse rolls over certain site features.  Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

---

[*]  Judges John G. Heyburn II and Marjorie O. Rendell did not participate in the decision of this matter.

[1]  Defendants' motion originally included fifteen actions, but ten actions have been dismissed during the pendency of the Section 1407 motion.  Additionally, the parties have notified the Panel of fourteen related actions pending in the Eastern District of Texas and an action pending in the District of Delaware.  These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1 and 7.2, R.P.J.P.M.L.

Webvention opposes centralization, in part, based on the Panel's recent decision in MDL No. 2253 – *In re ArrivalStar S.A. Fleet Management Systems Pat. Litig.*, 2011 WL 3563000 (August 9, 2011). We view the *ArrivalStar* decision as distinguishable from this litigation. In *ArrivalStar*, only the Section 1407 movant supported centralization; here several alleged infringers support or do not oppose centralization. The *ArrivalStar* litigation involved sixteen patents, as opposed to the single patent involved in this litigation. Further, ArrivalStar had filed over a hundred cases without a single one proceeding to trial or claims construction over the course of several years and this pattern of quick dismissals weighed heavily in favor of denying the *ArrivalStar* motion. The much more abbreviated litigation history of the '294 patent does not demonstrate a similar pattern.

We are of the view that the District of Maryland is an appropriate transferee district for pretrial proceedings in this litigation. While we are typically hesitant to centralize litigation in a district in which no constituent action is pending, the circumstances in this litigation justify doing so. This patent litigation is pending in two federal district courts with large civil caseloads, and many of the actions in the Eastern District of Texas could have been filed elsewhere. The relative docket conditions in the District of Maryland are more favorable than the other proposed transferee forums. Additionally, the District of Maryland is near the District of Delaware – the district (preferred by several responding parties) where two declaratory judgment actions are pending and several accused infringers and Webvention Holdings, LLC, are incorporated. The convenience of the parties will be served by centralization in this readily accessible transferee district. By selecting Judge Catherine C. Blake to serve as the transferee judge in this matter, we are selecting a jurist well-versed in multidistrict litigation who we are confident will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Maryland are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable Catherine C. Blake for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman


W. Royal Furgeson, Jr.          Barbara S. Jones
Paul J. Barbadoro               Charles R. Breyer

IN RE: WEBVENTION LLC ('294)
PATENT LITIGATION                                                                                 MDL No. 2294

## SCHEDULE A

### District of Delaware

Novartis Corporation v. Webvention Holdings LLC, et al., C.A. No. 1:10-00793
Furniture Brands International Inc., et al. v. Webvention Holdings LLC, et al.,
    C.A. No. 1:10-01090
Marie Claire/Hearst, et al. v. Webvention LLC, C.A. No. 1:11-00488

### Eastern District of Texas

Webvention LLC v. Adidas America Inc., et al., C.A. No. 2:10-00410
Webvention LLC v. Allergan, Inc., et al., C.A. No. 2:11-00225